# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| **REH COMPANY, LLC,** )<br>)<br>)<br>Petitioner )<br>)<br>v. )<br>)<br>UNITED STATES ENVIRONMENTAL )<br>PROTECTION AGENCY, )<br>)<br>Respondent. )<br>） | Case No. 24-1310 |

## PETITION FOR REVIEW

Pursuant to Section 307(b)(1) of the Clean Air Act, 42 U.S.C. §7607(b)(1); Rule 15(a) of the Federal Rules of Appellate Procedure; and D.C. Circuit Rule 15(a), REH Company, LLC hereby petitions this Court for review of an August 9, 2019 decision of the U.S. Environmental Protection Agency ("EPA") to deny Sinclair Wyoming Refining Company LLC's ("SWRC") 2018 petition for a small refinery exemption (the "2019 Denial"). A copy of the 2019 Denial is attached hereto as Exhibit A.

Through SWRC, REH Company, LLC filed a petition for review of the 2019 Denial in the D.C. Circuit on September 20, 2019. *See* Petition for Review, *Sinclair Wyo. Refin. Co. v. EPA*, No. 19-1196 (D.C. Cir.), ECF #1807876. Before the case could be fully briefed, EPA moved the court for voluntary remand in

response to intervening legal developments that the agency believed necessitated reconsidering the 2019 Decision. *See* EPA Motion, *Sinclair Wyo. Refin.*, No. 19-1996 (D.C. Cir. filed Aug. 25, 2021), ECF #1911606; Order Granting Voluntary Remand, *Sinclair Wyo. Refin.*, No. 19-1996 (D.C. Cir. filed Dec. 8, 2021), ECF #1925942.

Although the 2019 Denial was issued more than five years ago, this Court has jurisdiction, under 42 U.S.C. §7607(b)(1), to hear a petition for review based on grounds arising after the initial time for review has expired, so long as the petition for review is filed "within sixty days after such grounds arise." Such grounds exist here. On July 26, 2024, the United States Court of Appeals for the D.C. Circuit issued an opinion in *Sinclair Wyoming Refining Co. LLC v. EPA*, No. 22-1073, 2024 WL 3801747 (D.C. Cir. July 26, 2024). In that decision, the D.C. Circuit vacated a more recent EPA decision regarding SWRC's 2018 exemption petition, making a challenge to the 2019 Denial ripe for review again.

Venue is also proper under 42 U.S.C. §7607(b)(1).

Date:  September 24, 2024

Respectfully submitted,

 */s/ Jeffrey R. Holmstead*
Jeffrey R. Holmstead
Brittany M. Pemberton
BRACEWELL LLP
2001 M Street N.W., Suite 900
Washington, D.C. 20036
(202) 828-5800 (telephone)
(202) 857-4812 (facsimile)
Jeff.Holmstead@bracewell.com
Brittany.Pemberton@bracewell.com

***Counsel for Petitioner***

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |  |
|---|---|---|
| **REH COMPANY, LLC,** | ) | |
|  | ) | |
| Petitioner | ) | |
|  | ) | |
| v. | ) | Case No. 24-1310 |
|  | ) | |
| **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,** | ) | |
|  | ) | |
| Respondent. | ) | |

**RULE 26.1 STATEMENT**

REH Company, LLC (formerly known as The Sinclair Companies) ("REH") submits this corporate disclosure statement pursuant to Federal Rule of Appellate Procedure 26.1 and D.C. Circuit Rule 26.1. REH certifies that it is a wholly-owned subsidiary of REH Advisors Inc, a privately held corporation with no parent corporation. During the year at issue in the challenged agency action and for which relief is sought, REH owned the Sinclair Wyoming Refinery and Sinclair Wyoming Refining Company LLC.

Date: September 24, 2024            Respectfully submitted,

 */s/ Jeffrey R. Holmstead*
Jeffrey R. Holmstead
Brittany M. Pemberton
BRACEWELL LLP
2001 M Street N.W., Suite 900
Washington, D.C. 20036
(202) 828-5800 (telephone)
(202) 857-4812 (facsimile)
Jeff.Holmstead@bracewell.com
Brittany.Pemberton@bracewell.com

***Counsel for Petitioner***

# CERTIFICATE OF SERVICE

Pursuant to Federal Rules of Appellate Procedure 3(d), 15I, and 25, D.C. Circuit Rules 15(a) and 25, and 40 C.F.R. § 23.12(a), I hereby certify that the foregoing Petition for Review and Rule 26.1 Statement have been served by United States certified mail, return receipt requested, this 24th day of September, 2024, upon each of the following:

Hon. Michael S. Regan, Administrator
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460

U.S. Environmental Protection Agency
Correspondence Control Unit
Office of General Counsel (2311)
1200 Pennsylvania Avenue, NW
Washington, DC 20460

Hon. Merrick B. Garland
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530

Hon. Todd Kim
Assistant Attorney General
Environmental and Natural Resources Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530

                                             */s/ Jeffrey R. Holmstead*
                                             Jeffrey R. Holmstead

# EXHIBIT A

**Sent:** Friday, August 09, 2019 4:00 PM
**To:** Clint Ensign
**Subject:** EPA decision on 2018 small refinery RFS exemption petition (CONTAINS CONFIDENTIAL BUSINESS INFORMATION) - Sinclair Wyoming

The purpose of this email is to notify you that EPA has evaluated your petition for a one-year extension for 2018 of the small refinery exemption from the requirements of the renewable fuel standard (RFS) program for the Sinclair Wyoming refinery. Based on the information submitted in your petition, EPA's consultation with the Department of Energy (DOE), and the recommendation DOE provided, EPA Acting Assistant Administrator for Air and Radiation Anne Idsal has decided to deny your request for exemption for 2018.  This means that from January 1, 2018, through December 31, 2018, your refinery's gasoline and diesel production remain subject to the percentage standards of 40 CFR 80.1405, and remains subject to the requirements of an obligated party for fuel produced at the refinery during that period.

*************************

Byron Bunker
Director Compliance Division
Office of Transportation and Air Quality
Environmental Protection Agency
2000 Traverwood Drive
Ann Arbor, MI 48105
Bunker.Byron@epa.gov
Phone: (734) 214-4155
Mobile: (734) 353-9623
******************************



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
WASHINGTON, D.C. 20460

OFFICE OF
AIR AND RADIATION

MEMORANDUM

SUBJECT: Decision on 2018 Small Refinery Exemption Petitions

FROM: Anne Idsal, Acting Assistant Administrator
Office of Air and Radiation

TO: Sarah Dunham, Director
Office of Transportation and Air Quality

Section 211(*o*)(9)(B) of the Clean Air Act (CAA or the Act) authorizes the Administrator to temporarily exempt small refineries from their renewable fuel volume obligations under the RFS program "for the reason of disproportionate economic hardship" (DEH). The Act instructs EPA, in consultation with the Department of Energy (DOE), to consider the DOE Small Refinery Study[1] and "other economic factors" in evaluating small refinery exemption (SRE) petitions. The statute does not define "disproportionate economic hardship," leaving for EPA's discretion how it implements this exemption provision.[2]

As part of EPA's process for evaluating SRE petitions, EPA asks DOE to evaluate all the information EPA receives from each petitioner. DOE's expertise in evaluating economic conditions at U.S. refineries is fundamental to the process both DOE and EPA use to identify whether DEH exists for petitioning small refineries in the context of the RFS program. After evaluating the information submitted by the petitioner, DOE provides a recommendation to EPA on whether a small refinery merits an exemption from its RFS obligations. As described in the DOE Small Refinery Study, DOE assesses the potential for DEH at a small refinery based on two sets of metrics. One set of metrics assesses structural and economic conditions that could disproportionately impact the refinery (collectively described as "disproportionate impacts" when referencing Section 1 and Section 2 of DOE's scoring matrix). The other set of metrics assesses the financial conditions that could cause viability concerns at the refinery (described as "viability impairment" when referencing Section 3 of DOE's scoring matrix). DOE's recommendation informs EPA's decision about whether to grant or deny an SRE petition for a small refinery.

Previously, DOE and EPA considered that DEH exists only when a small refinery experiences *both* disproportionate impacts *and* viability impairment. In response to concerns that the two agencies' threshold for establishing DEH was too stringent, Congress clarified to DOE that DEH can exist if DOE finds that a small refinery is experiencing *either* disproportionate impacts *or* viability impairment. If so, Congress directed DOE to recommend a 50 percent exemption from the RFS. This was relayed in language included in an explanatory statement accompanying the

---

[1] "Small Refinery Exemption Study, An Investigation into Disproportionate Economic Hardship," Office of Policy and International Affairs, U.S. Department of Energy, March 2011 (DOE Small Refinery Study).
[2] *Hermes v. Consol., LLC v. EPA*, 787 F.3d 568, 575 (D.C. Cir. 2015).

1

2016 Appropriations Act that stated: "If the Secretary finds that either of these two components exists, the Secretary is directed to recommend to the EPA Administrator a 50 percent waiver of RFS requirements for the petitioner."[3] Congress subsequently directed EPA to follow DOE's recommendation, and to report to Congress if it did not.[4]

Based on DOE's recommendations for the 2018 petitions, I am today granting full exemptions for those 2018 small refinery petitions where DOE recommended 100 percent relief because these refineries will face a DEH. I am denying exemptions for those 2018 small refinery petitions where DOE recommended no relief because they will not face a DEH.

I am also granting full exemptions for those 2018 small refinery petitions where DOE recommended 50 percent relief. This decision is appropriate under the Act and is consistent with the case law recognizing EPA's independent authority in deciding whether to grant or deny RFS small refinery petitions.[5] DOE's recommendations recognize an economic impact on these small refineries, and I conclude these small refineries will face a DEH meriting relief. I have concluded that the best interpretation of Section 211(*o*)(9)(B) is that EPA shall either grant or deny petitions for small refinery hardship relief in full, and not grant partial relief. The exemption available under Section 211(*o*)(9)(B) is explicitly described as an "extension of the exemption under subparagraph (A)." In turn, subparagraph (A) provides that the requirements of the RFS program "shall not apply to small refineries until calendar year 2011." It is evident that the original exemption under subparagraph (A) was a full exemption, and therefore I conclude that when Congress authorized the Administrator to provide an "extension" of that exemption for the reason of DEH, Congress intended that extension to be a full, and not partial, exemption. This approach is also consistent with congressional direction since enactment of the provision, which states: "The Agency is reminded that, regardless of the Department of Energy's recommendation, additional relief may be granted if the Agency believes it is warranted."[6]

Dated: 8/9/2019

Anne Idsal
Acting Assistant Administrator
Office of Air and Radiation

---

[3] Consolidated Appropriations Act, 2016, Pub. L. No. 114-113 (2015). The Explanatory Statement is available at: https://rules.house.gov/bill/114/hr-2029-sa.
[4] Senate Report 114-281 ("When making decisions about small refinery exemptions under the RFS program, the Agency is directed to follow DOE's recommendations which are to be based on the original 2011 Small Refinery Exemption Study prepared for Congress and the conference report to division D of the Consolidated Appropriations Act of 2016. Should the Administrator disagree with a waiver recommendation from the Secretary of Energy, either to approve or deny, the Agency shall provide a report to the Committee on Appropriations and to the Secretary of Energy that explains the Agency position. Such report shall be provided 10 days prior to issuing a decision on a waiver petition.").
[5] *Sinclair Wyoming Refining Co. v. EPA*, 874 F.3d 1159, 1166 (10th Cir. 2017); *See also Hermes Consol.* 787 F.3d at 574-575; *Lion Oil Co. v. EPA*, 792 F.3d 978, 982-983 (8th Cir. 2015).
[6] Consolidated Appropriations Act, 2019, Pub. L. No. 116-6 (2019), *see* H.Rept. 116-9 at 741 (February 13, 2019).